Neil B. Klein, SBN 142734
Maria del Rocio Ashby, SBN 206282
neilk@mckassonklein.com
mrashby@mckassonklein.com
McKASSON & KLEIN LLP
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
Phone: (949) 724-0200
Fax:    (949) 724-0201

Attorneys for Plaintiff CRNOGORSKA PLOVIDBA A.D. KOTOR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CRNOGORSKA PLOVIDBA A.D. KOTOR,<br><br>    Plaintiff,<br><br>  vs.<br><br>GLOBAL AMERICAN TRANSPORT LLC,<br><br>    Defendant,<br><br>and<br><br>INMOTION HOSTING, INC.; BANK OF AMERICA, N.A.,<br><br>    Garnishees. | Case No.<br><br>IN ADMIRALTY, Fed. R. Civ. P. 9(h)<br><br>**VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF SUPPLEMENTAL RULE B MARITIME ATTACHMENT AND GARNISHMENT WRITS** |

Crnogorska Plovidba A.D. Kotor ("Kotor" or "Owners") brings this action against Global American Transport LLC ("GAT," "Charterers" and "Defendant") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting issuance of process of maritime attachment and garnishment, including against Garnishees, and states as follows:

## Jurisdiction and Venue

1. This is an action within the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). Kotor further brings this action pursuant to 9 U.S.C. §§ 1, 8 for security for maritime arbitration which Kotor has initiated against GAT in London pursuant to vessel charter parties for the ocean cargo vessels M/V DVADESETPRVI MAJ and M/V KOTOR ("Vessels") between Kotor and GAT as more fully detailed below.

2. Venue is proper in this District because Garnishees can be found in this District and therefore Defendant's property is located in this District.

3. Defendant cannot be found in this District within the meaning of Supplemental Rule B(1) and LAR B.2.

4. Kotor brings this action in support of and to secure its claims against GAT, which Kotor initiated in London Maritime Arbitration against GAT as provided by charter parties for the vessels. The charter parties are governed by English law.

## The Parties

5. Kotor is a company organized under the laws of the Montenegro, and at all relevant times was the registered owner of the Vessels.

6. GAT is limited liability company organized under the laws of Delaware.

7. Garnishee Inmotion Hosting, Inc. is a California corporation which maintains GAT's website and, on information and belief, holds additional property of GAT, including but not limited to electronic documents and data.

8. Garnishee Bank of America, N.A. is a national bank with offices and branches in this District which Kotor, on information and belief, reasonably believes hold accounts or property of and/or owing to GAT.

## Facts

### M/V DVADESETPRVI MAJ

9. Pursuant to a charterparty dated 29 September 2022 (as amended or

supplemented, by Addendum No.1 and Addendum No.2, together the "Charterparty"), concluded on an amended NYPE 1981 form with rider clauses [CS / 1- 39], Kotor/Owners agreed to let, and GAT/Charterers agreed to hire, the M/V "DVADESETPRVI MAJ" ("Vessel") for a period of about four (4) to about six (6) months, where "about" meant +/- 15 days in Charterers' option.

10. Pursuant to an Addendum No. 1 concluded on 13 January 2023 ("Addendum No. 1"), the parties agreed to amend the Charterparty so that, among other things, the Charterparty period was extended by "about 4 up to about 6 months ("about" shall mean +/- 15 days in Charterers' option) commencing on and from expiration of the minimum period under Charter Party dated 29 September 2022 on 9th February, 2023…" [CS / 40].

11. Pursuant to an Addendum No. 2 circulated by email dated 28 June 2023 ("Addendum No. 2"), the parties agreed to amend the Charterparty so that, among other things, the Charterparty period was further extended by a "further period of min 3 mos to abt 6 mos in chop" [CS / 41].

12. The full Charterparty is relied upon, including the following materially relevant express terms:

> 2. The Charterers, while the vessel is on hire, shall provide and pay for all the fuel except as otherwise agreed, port charges including agency fees, compulsory and customary, pilotages, towages, canal dues, canal tolls, wharfages, stevedore charges, municipality and state taxes, tallymen, cranemen, hatch watchmen and gangway watchmen if compulsory, boatage on Charterers business only, agencies for clearance cargo purpose and other Charterer's business only, commissions, consular charges (except those pertaining to individual crew members or flag of the vessel), and all other usual expenses . . .
>
> \* \* \*
>
> 4. The Charterers shall pay for the use and hire of the said vessel at the rate of USD 14,000 per day including overtime…
>
> \* \* \*
>
> 5. Payment of hire shall be made in cash so as to be received by Owners or their designated payee in Montenegro … in United States

Currency on the due date, semi-monthly in advance (Payment of hire will be transferred to Owners or their designated payee in funds available to Owners on due date), and for the last half month or part of same the appropriate amount of hire, and should same not cover the actual time, hire shall be paid for the balance day by day as it becomes due, if so required by Owners.

13. Following the Vessel's redelivery on 28 February 2024, Owners presented to Charterers their final statement of account requesting payment of the outstanding sums due under the Charterparty in the amount of USD 228,437.10 ("Outstanding Sum") [CS / 42 – 44].

14. In breach of the terms of the Charterparty and without lawful justification, Charterers have failed to pay the Outstanding Sum due and owing to Owners.

15. Kotor/Owners have sustained damages as the result of GAT's/Charterers' breach of the charter party of the M/V DVADESETPRVI MAJ in the amount of at least USD 228,437.10 and interest pursuant to section 49 of the U.K. Arbitration Act 1996, security for which Owners demand below.

## **M/V KOTOR**

16. Pursuant to a charterparty dated 14 June 2022 (as amended or supplemented by Addendum No 1 and Addendum No 2, together the "Charterparty"), concluded on an amended NYPE 1981 form with rider clauses [CS / 1- 38], Kotor/Owners agreed to let and GAT/Charterers agreed to hire the M/V "KOTOR" ("Vessel") for a period of about 10 months to about 12 months in Charterers' option, where "about" meant +/- 15 days.

17. Pursuant to an Addendum No. 1 concluded on 24 March 2023 ("Addendum No.1"), the parties agreed to amend the Charterparty so that, among other things, the Charterparty period was extended by "about 5 (five) to about 7 (seven) months (about is +/- 15 days in Charterers option) in direct continuation after current voyage, counting from dropping last outward sea pilot Port Sudan." [CS / 39]. 3. Pursuant to an Addendum No. 2 circulated by way of an email dated 4 August 2023 ("Addendum No.2"), the parties agreed to amend

the Charterparty so that, among other things, the Charterparty period was further extended by "abt 4 / abt 6 months (abt is +/- 15 days in chopt)" [CS / 40 – 41].

18. The full Charterparty is relied upon including the following materially relevant express terms:

> 2. The Charterers, while the vessel is on hire, shall provide and pay for all the fuel except as otherwise agreed, port charges including agency fees, compulsory and customary, pilotages, towages, canal dues, canal tolls, wharfages, stevedore charges, municipality and state taxes, tallymen, cranemen, hatch watchmen and gangway watchmen if compulsory, boatage on Charterers business only, agencies for clearance cargo purpose and other Charterer's business only, commissions, consular charges (except those pertaining to individual crew members or flag of the vessel), and all other usual expenses . . .
>
> \* \* \*
>
> 4. The Charterers shall pay for the use and hire of the said vessel at the rate of USD 20,100 per day including overtime . . .
>
> 5. Payment of hire shall be made in cash so as to be received by Owners or their designated payee in Montenegro … in United States Currency on the due date, semi-monthly in advance (Payment of hire will be transferred to Owners or their designated payee in funds available to Owners on due date), and for the last half month or part of same the appropriate amount of hire, and should same not cover the actual time, hire shall be paid for the balance day by day as it becomes due, if so required by Owners.

19. Following the Vessel's redelivery on 8 March 2024, Owners presented to Charterers their final statement of account requesting payment of the outstanding sums due under the Charterparty in the amount of USD 591,605.25 ("Outstanding Sum") [CS / 42 – 45].

20. In breach of the terms of the Charterparty and without lawful justification, Charterers have failed to pay the Outstanding Sum due and owing to Owners.

21. Further, during the course of the Charterparty and as a result of Charterers trading the Vessel, hold cleaning and painting works were rendered to the Vessel on 21 October 2023 by Karum Marine.

22. Where Charterers have yet to pay the outstanding invoices in the amount

of USD 37,500.00 arising from such works (the "Unpaid Invoices"), Karum Marine have reserved their right to commence legal proceedings and threatened to arrest the Vessel in relation to the Unpaid Invoices.

23. As a result, Owners face further disruption to their business due to the risk of arrest of the Vessel.

24. Owners have sustained damages as the result of the breach of the charter party of the M/V KOTOR in the amount of at least USD 591,605.25 and interest pursuant to section 49 of the U.K. Arbitration Act 1996, security for which Owners demand below.

## Specific Allegations - Garnishees

25. **Inmotion**: A search on the ICANN "Whois" registry shows that GAT keeps its website, domain and related date with Garnishee Inmotion Hosting, Inc., as follows:

>     Name: GATRANSPORTLLC.COM
>     Registry Domain ID: 2344164476_DOMAIN_COM-VRSN
>     Domain Status: active
>     Nameservers:
>     NS.INMOTIONHOSTING.COM
>     NS2.INMOTIONHOSTING.COM
>     Dates
>     Registry Expiration: 2024-12-17 19:16:16 UTC
>     Updated: 2023-12-07 16:31:22 UTC
>     Created: 2018-12-17 19:16:16 UTC

Garnishee Inmotion therefore holds property of GAT subject to Supplemental Maritime Rule B garnishment and attachment.

26. **Bank of America, N.A**.: Kotor has reviewed records, including from independent investigation, showing GAT has or had accounts held by Bank of America, N.A. Kotor therefore reasonably believes Garnishee Bank of America N.A. owes accounts or holds property of GAT.

//

//

## COUNT I

### Breach of Maritime Contracts

27. Kotor repeats and incorporates paragraphs 1 through 26 above, as though fully set forth herein.

28. GAT breached the Charterparties as set out above.

29. Kotor therefore demands security for the award anticipated to be entered in its favor in the London maritime arbitrations as set forth more fully below.

## COUNT II

### Process of Maritime Attachment and Garnishment

### (Supplemental Rule B)

30. Kotor repeats and incorporates paragraphs 1 through 29 above, as though fully set forth herein.

31. Kotor seeks issuance of process of maritime attachment and garnishment, in order to obtain payment for the amounts due from GAT, and to secure the award anticipated in the London maritime arbitration.

32. No security for Kotor's claims has been posted by GAT, or anyone acting on its behalf, to date.

33. GAT cannot be found within this District within the meaning of Rule B and LAR B.2, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, property including intangible property, funds, and/or credits in the hands of one or more garnishees in this District, including the Garnishees.

34. Kotor therefore respectfully requests the Court to issue writs of maritime garnishment pursuant to Supplemental Rule B, in security of the London maritime arbitration, as set out below.

//

//

//

## Prayer for Relief

WHEREFORE, Kotor prays:

A. That as GAT cannot be found within this District, and pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment in the amount of at least **$1,757,542.35** (comprising USD 857,542 as detailed above, plus interest pursuant to section 49 of the U.K. Arbitration Act 1996 reasonably estimated to be at least USD 400,000 over the typical 3-5 year course of the London maritime arbitration proceedings, plus attorney's and arbitrators' fees and costs as provided in the Charterparties and under English law, in the amount of at least USD 500,000)(herein, the "Security Amount");

B. That Process provides for the attaching of all tangible or intangible property, or any funds held by any Garnishee, up to the Security Amount to secure Kotor's claims in the London maritime arbitration;

C. That any persons claiming any interest in the property attached by such Process be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Complaint;

D. That upon the Security Amount being garnished, the Court stay this action pending the outcome of the London maritime arbitration and, on award being issued by the arbitration panel, that this Court recognize that award and enter judgment for Kotor, ordering that judgment upon recognition of the arbitral award by this Court be paid from the Security Amount;

E. That a person over 18-years of age be appointed as moved for herein, pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c), to serve Process of Maritime Attachment and Garnishment; and

F. That this Court award Kotor such other and further relief that this Court deems just and proper.

//

Date: September 5, 2024                Respectfully submitted,

/s/ Neil B. Klein
Neil B. Klein
Maria del Rocio Ashby
McKasson & Klein LLP
Attorneys for Plaintiff Crnogorska
Plovidba A.D. Koto


/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
443-290-8704
jssims@simmsshowers.com
[*Pro hac vice* application forthcoming]

# VERIFICATION

## AFFIDAVIT THAT DEFENDANT IS NOT FOUND WITHIN THE DISTRICT

I am a Principal of the law firm Simms Showers LLP, counsel for Kotor.

The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge and information, based upon the records of Kotor as made available to me by Kotor. Kotor's authorized officers are not readily available in this District to make verifications on Kotor's behalf, and I am authorized to make this verification on Kotor's behalf.

I further certify that, pursuant to Supplemental Rule B and LAR B.2, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no telephone listing or record of any general or resident agent authorized to accept service of process for Defendant in this District. To Kotor's knowledge, none of the managers or officers of Defendant are now within this District. Based on a search of the California Secretary of State's business records, Defendant is not incorporated or registered to do business in the State of California, does not maintain an office in the State of California and does not have a registered agent for the receipt of service of process in the State of California.

Pursuant to 28 U.S.C. §1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2024.

/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: 443-290-8704
jssimms@simmsshowers.com