1  J. Stephen Simms (*pro hac vice*)
2  Simms Showers LLP
3  201 International Circle
   Baltimore, Maryland 21030
4  443-290-8704
5  jssimms@simmsshowers.com

6  Neil B. Klein, CA Bar No. 142734
7  neilk@mckassonklein.com
   Maria del Rocio Ashby, SBN 206282
8  mrashby@mckassonklein.com
9  McKASSON & KLEIN LLP
   18401 Von Karman Ave., Suite 330
10 Irvine, CA 92612
11 Phone:  (949) 724-0200

12 Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Crnogorska Plovidba A.D. Kotor, | Case No. 2:24-cv-07601-AB-AGR |
| Plaintiff, | |
| v. | IN ADMIRALTY, Fed. R. Civ. P. 9(h) |
| Global American Transport LLC, | **NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant, *et al.* | |
| | Date: February 21, 2025
Time: 1000
Location: Courtroom 7B |

NOTICE OF MOTION AN MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

- 1 -

TO THE COURT AND TO DEFENDANT:

PLEASE TAKE NOTICE that, on February 21, 2025, at 10:00 am or as soon thereafter as the matter may be heard by the Honorable André Birotte Jr., District Judge, Courtroom 7B of the above entitled Court, Plaintiff Crnogorska Plovidba A.D. Kotor will, and hereby do, present their motion for default judgment against defendant Global American Transport LLC on the ground that defendant has failed to appear or otherwise respond to the Verified Complaint and Request for Issuance of Supplemental Rule B Maritime Attachment and Garnishment Writ (the "Complaint") within the time prescribed by the Federal Rules of Civil Procedure.

This motion will be and is based on this Notice, the Memorandum of Points and Authorities, the Declaration of J. Stephen Simms and Exhibits thereto filed concurrently herewith on the complete record of the Court, and on any other matter that may be presented and accepted by the Court at the hearing.

Because defendant has not appeared in this matter and is in default, counsel could not complete the conference of counsel pursuant to L.R. 7-3 before filing this motion.

NOTICE OF MOTION AN MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Dated: January 24, 2025.

| | |
|---|---|
| Neil B. Klein, CA Bar No. 142734<br>neilk@mckassonklein.com<br>Maria del Rocio Ashby, SBN 206282<br>mrashby@mckassonklein.com<br>McKASSON & KLEIN LLP<br>18401 Von Karman Ave.,<br>Suite 330<br>Irvine, CA 92612<br>Phone: (949) 724-0200 | /s/ J. Stehen Simms<br>J. Stephen Simms (*pro hac vice*)<br>Simms Showers LLP<br>201 International Circle<br>Baltimore, Maryland 21030<br>443-290-8704<br>jssimms@simmsshowers.com |

NOTICE OF MOTION AN MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiff Crnogorska Plovidba A.D. Kotor ("Kotor" or "Owners") seeks confirmation, recognition, and enforcement of multiple international arbitration awards that were issued in favor of Kotor and against defendant Global American Transport LLC ("GAT").[1]

As set out in the First Amended Verified Complaint (Dkt. 25), Kotor brought this action pursuant to 9 U.S.C. §§ 1, 8 for security for maritime arbitration which Kotor initiated against GAT in London pursuant to vessel charter parties – made and concluded in Hamburg, Germany - for the ocean cargo vessels M/V DVADESETPRVI MAJ and M/V KOTOR ("Vessels") between Kotor and GAT.  *See also* (Dkt. 25)(Prayer for Relief, Paragraph D, requesting Court recognize the award and enter judgment for Kotor upon the conclusion of the London maritime arbitration).

The London arbitrator has now issued a Partial and Final Award concerning damages from GAT's breach of the charter party for the Vessel M/V KOTOR.

---

[1] Plaintiff incorporates by reference its First Amended Complaint (Dkt. 25) and its copy of the arbitration awards attached as exhibits to the Declaration of J. Stephen Simms filed concurrently with this motion.

NOTICE OF MOTION AN MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

The London arbitrator has also now issued a Partial and Final Award concerning damages from GAT's breach the charter party for the Vessel M/V DVADESETPRVI MAJ.   (collectively with the M/V KOTOR awards, the "Awards").

The Awards arise from a contractual/legal relationship between the parties that was commercial in nature, and not entirely domestic in scope. *See* Dkt. 25.  Accordingly, and as further demonstrated below, the Awards meet the legal standard for confirmation.  *See BBC Chartering Carriers GMBH v. SCL-Nielsen Multimodal Transp., Inc.,* No. EDCV 23-2549-KK-MRWX, 2024 WL 3914487, at *1 (C.D. Cal. May 30, 2024).

Further, GAT has failed to timely appear or respond to the Complaint and is in default (Dkt. 27-29)(default entered on October 25, 2024).  The motion, therefore, should be granted and default judgment should be entered in favor of Kotor in conformity with the terms of the Awards.

**II. BACKGROUND**

*M/V KOTOR*

Pursuant to a charterparty dated 14 June 2022 (as amended or supplemented by Addendum No 1 and Addendum No 2, together the "Charterparty"), Kotor/Owners agreed to let and GAT/Charterers agreed to hire the M/V "KOTOR" (Dkt. 25 at paragraphs 16-18).  Following the

NOTICE OF MOTION AN MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Vessel's redelivery on 8 March 2024, Kotor presented to GAT its final statement of account requesting payment of the outstanding sums due under the Charterparty. GAT failed to pay the amount due.

Further, during the course of the Charterparty, and as a result of Charterers trading the Vessel, hold cleaning and painting works were rendered to the Vessel in Turkey on 21 October 2022. Because GAT failed to pay those fees, the M/V KOTOR was arrested, causing Kotor to suffer further damages. *Id.* at paragraphs 21-23.

Pursuant to the Kotor Partial Final Award (dated October 22, 2024) and the Kotor Final Award (dated December 10, 2024; corrected on January 9, 2025), GAT must now pay Kotor $658,600.37 along with interest on that amount at the rate of 6.0% per annum compounded at three monthly intervals from 7 March 2024, being the day after the Vessel was redelivered, until payment in full. As of January 16, 2025, the amount of interest is USD 34,184.53, the total with this interest for the Kotor damage awards to Kotor of the London arbitrator, $692,784.90.

### *M/V DVADESETPRVI MAJ*

Pursuant to a charterparty dated 29 September 2022 (as amended or supplemented, by Addendum No.1 and Addendum No.2, together the "Charterparty"), Kotor/Owners agreed to let and GAT/Charterers agreed to

hire the M/V "DVADESETPRVI MAJ".  (Dkt. 25 at paragraphs 9-12). Following the Vessel's redelivery on 28 February 2024, Owners presented to Charterers their final statement of account requesting payment of the outstanding sums due under the Charterparty.  GAT failed to pay the amount due.

Pursuant to the Dvadesetprvi Maj Partial Final Award (dated October 22, 2024) and the Dvadesetprvi Maj Final Award (dated December 10, 2024), GAT must now pay Kotor USD 228,437.10 along with interests on that amount at the rate of 6.0% per annum compounded at three monthly intervals from 29 March 2024, being the day after the Vessel was redelivered, until payment in full. As of January 16, 2025, the amount of interest is $11,547.68. The total amount for Dvadesetprvi Maj with interest which the arbitrator awarded to Kotor and against GAT in damages is therefore $239,984.78.

*Sum Certain*

In addition to the above sums, the arbitrator awarded Kotor arbitration and legal costs.  Kotor, therefore, requests default judgment in the sum certain amount of **$1,010,434.79** against GAT as follows:

```
M/V KOTOR Awards:                      $692,784.90
M/V DVADESETPRVI MAJ awards:           $239,984.78
Arbitration Costs:                      $15,323.64
```

| | |
|---|---:|
| Legal Costs: | $62,341.47 |
| Total Sum Certain – Default Judgment: | **$1,010,434.79** |

### III. THE ARBITRATION AWARDS SHOULD BE CONFIRMED

"Sections 203 and 207 of Title 9 of the United States Code provide jurisdiction in federal district courts for cases arising under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the Convention"). 9 U.S.C. §§ 203, 207; see also 9 U.S.C. § 201 (codifying the Convention). Additionally, 9 U.S.C. § 207 states "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court ... for an order confirming the award as against any other party to the arbitration." *BBC Chartering Carriers GMBH v. SCL-Nielsen Multimodal Transp., Inc.,* No. EDCV 23-2549-KK-MRWX, 2024 WL 3914487, at *1 (C.D. Cal. May 30, 2024). This Court has jurisdiction to recognize the award and Kotor's complaint, and motion, are timely filed.

"Confirmation under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm. A court must confirm a foreign arbitral award

NOTICE OF MOTION AN MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

unless the party resisting enforcement meets its 'substantial' burden of proving one of seven narrowly interpreted defenses. The Court does not review the merits of the underlying arbitration, but merely whether the party established a defense under the Convention." *Id.* citing *Castro v. Tri Marine Fish Company LLC,* 921 F.3d 766, 773 (9th Cir. 2019)(internal quotations omitted).

None of the seven defenses to the confirmation of a foreign award are applicable here. *See generally BBC Chartering Carriers GMBH* at 2. Specifically:

- The first defense does not apply because no evidence exists to support a finding that GAT was incapacitated or the Charterparties were invalid under law.

- The second defense does not apply because GAT participated in both the M/V KOTOR and M/V DVADESETPRVI MAJ arbitration proceedings and had an opportunity to present its case. *See* Exhibit A to Simms Declaration.

- The third defense does not apply because the Charterparties – Clause 17 – provided that "*English law with arbitration in London in the form of BIMCO Standard Law & Arbitration Clause 1998, English law, London Arbitration*" would apply to

any dispute between Kotor and GAT. *See* Exhibit A to Simms Declaration at paragraph 4 of both the M/V Kotor October 22, 2024 partial final awards. Thus, the awards, and arbitration proceedings, are both within the scope of the Charterparties.

- The fourth defense does not apply because the arbitration proceedings were conducted as provided for in the Charterparties. *See* Exhibit A to Simms Declaration.

- The arbitration awards are binding, and thus, the fifth defense is not applicable.

- The sixth defense does not apply because courts have held contract disputes (as is the case here – breach of the Charterparties) are capable of settlement by arbitration. *BBC Chartering Carriers GMBH* at 2 (citations omitted).

- The award is not contrary to public policy.

The Court, therefore, has jurisdiction to, and should confirm the arbitration awards.

## IV. DEFAULT JUDGMENT SHOULD BE GRANTED

Fed. R. Civ. P. 55(b)(2) provides for default judgment against a party who has failed to plead or otherwise defend.

"In determining whether to enter default judgment against a party, a

NOTICE OF MOTION AN MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *generally BBC Chartering Carriers GMBH* at 3 citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The seven *Eitel* factors weigh in favor of awarding default judgment to Kotor against GAT.

Under the first factor, GAT will not suffer prejudice. Again, GAT participated in both arbitration proceedings. Exhibit A to Simms Affidavit (GAT served "Defences" in both proceedings). GAT had notice of these proceedings (Dkt. 27 and 28) and have not appeared in this matter. GAT - to the prejudice of Kotor - will be allowed to escape liability if default judgment is not entered.

Under the second and third factors, Mr. Simms' affidavit – and the arbitration awards attached thereto – establish Charterparties between the parties, the merits of Kotor's claims, and the sufficiency of the complaint and motion.

NOTICE OF MOTION AN MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Under the fourth factor, Kotor only seeks amounts awarded in the arbitration. The amount sought is a sum certain and reasonable.

The fifth and sixth factor also favors entry of default judgment because, the underlying arbitration proceedings in which GAT filed defenses, and GAT's failure to appear in this proceeding create a reasonable inference that any dispute concerning a material fact, or failure to appears due to "excusable negligent," is unlikely.

Finally, while Kotor recognizes the public policy to resolve issues on the merits, and not default, GAT's failure to proceed prevents this and the underlying arbitration proceedings already considered the merits of Kotor's claims.

Pursuant to Local Rule 55-1, an application for default judgment must be accompanied by a declaration. Mr. Simms declaration, filed herewith, addresses the various items required by L.R. 55-1.

Further, Kator, contemporaneous with this motion, is providing GAT – the defaulting party with notice of the application. *See* L.R. 55-2.

NOTICE OF MOTION AN MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

# CONCLUSION

Kotor respectfully requests that this Court enter an Order confirming the Awards and entering Judgment in accordance with their terms in favor of Kotor, and against GAT, in the sum certain amount of **$1,010,434.79.**

Dated:  January 24, 2025.

| | |
|---|---|
| Neil B. Klein, CA Bar No. 142734<br>neilk@mckassonklein.com<br>Maria del Rocio Ashby, SBN 206282<br>mrashby@mckassonklein.com<br>McKASSON & KLEIN LLP<br>18401 Von Karman Ave.,<br>Suite 330<br>Irvine, CA 92612<br>Phone:  (949) 724-0200 | /s/ J. Stehen Simms<br>J. Stephen Simms (*pro hac vice*)<br>Simms Showers LLP<br>201 International Circle<br>Baltimore, Maryland 21030<br>443-290-8704<br>jssimms@simmsshowers.com |

13